## BANKRUPTCY OF CHING ON & CO.

BEFORE JUDD, J.

MAY, 1881.

A landlord's claim for rent is a lien on a bankrupt's estate, and has priority over ordinary debts.

DECISION OF JUDD, J.

In this case it appears that at the time that the property of Ching On & Co. was seized by the Marshal under the order in bankruptcy, this firm owed Gilbert Waller $152 for four months' rent of the premises occupied by them.

Before the assignees were elected, Mr. Waller appeared before the Court and filed a claim stating that the property seized by the Marshal is subject to a lien to him for the rent aforesaid, and he moved that this sum of money be paid to him from the proceeds of this property, or that the property be restored to him.

His attorneys contend that the Act of the 10th January, 1865, entitled, "An Act to Facilitate the Recovery of Rents," gives the landlord a lien for rent upon the goods or chattels of the tenant upon the premises. Section 2 provides that no goods or chattels of any tenant shall be liable to be taken on execution on any pretence whatsoever, unless all arrears of rent are paid, and that therefore a lien is created in favor of the landlord, which is good against all persons, including the assignees in bankruptcy, and that the lien can only be discharged by the payment of the rent. The petitioning creditors contend that the goods are now in the custody of the law, and as the landlord did not distrain the goods before the bankruptcy of his tenant, he has lost his remedy, for the goods are now out of his possession.

The question is this: Does the Act of 1865 create a lien?

In a case reported in the 4th National Bankruptcy Register Reports, page 23, (*In re Wynne*) a similar case came before

Chief Justice Chase, of the United States Circuit Court. The learned judge says: "Liens are of various descriptions, and may be enforced in different ways, but we think it sufficient to say here what seems to us well warranted in principle and authority, that whenever the law gives a creditor a right to have a debt satisfied from the proceeds of property, or before the property can be otherwise disposed of, it gives a lien on such property to secure the payment of this debt." In that case the act relied upon as creating the lien was a law of the State of Virginia, which "prohibits any person having by deed of trust, mortgage or otherwise, a lien upon the goods of a tenant on demised premises, from removing such goods without paying to the landlord the rent due."

Taking the Chief Justice's definition of a lien in our case, the law gives the particular creditor (Waller) a right to have his debt satisfied before the property can be otherwise disposed of, and it therefore gives him a lien on this property to secure the payment of this debt.

The assignees in bankruptcy take the property in the same plight in which it was held by the bankrupt when the petition was filed, subject to such liens or incumbrances as would affect it if no adjudication in bankruptcy had taken place. *In re Wynne,* above quoted, page 25.

It is clear to my mind that the lien still exists, and therefore it must be disposed of by payment of the claim before the goods of the bankrupt can be available for the general creditors. I do not see any analogy between the landlord's lien and an execution or attachment laid upon the bankrupt's property after an act of bankruptcy.

I order that the claim of Waller be paid to him in full by the assignees when elected, from the proceeds of the property.

*A. S. Hartwell,* for petitioning creditors.

*Messrs. Castle & Hatch,* for Waller.

Honolulu, May 25th, 1881.

N. B.—See decision of Full Court in *Bankruptcy of On Chong.* July Term, 1888.